UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ERIC FLORES | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CV-88-HSM-WBC |
| | ) | |
| UNITED STATES ATTORNEY | ) | |
| GENERAL, FEDERAL BUREAU | ) | |
| OF INVESTIGATION | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Eric Flores, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude his complaint does not state a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550

U.S 544, 555 (2007).  "Specific facts are not necessary; the statement need only 'give the

defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson*, 551

U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.)  Further, a *pro se* pleading must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the

complaint must be sufficient "to state a claim to relief that is plausible on its face,"

*Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must

permit a court "to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a 64 page, type written complaint naming the "United States Attorney

General" and the Federal Bureau of Investigation (FBI) as the sole defendants.  There are many

allegations in the complaint but the gravamen of the complaint is that an "organized group of

executive employees of the federal government" has kept the plaintiff from communicating with

the federal courts and has tortured and caused the death of loved ones by means of satellite

signals. For example, plaintiff asserts that an "organized group of executive employees of the

federal government"  has stolen his outgoing mail to the courts and attempted to prevent him

from obtaining a judicial investigation into their actions. *Id.*  Plaintiff further alleges that:

> "The organized group of executive employees of the federal government
> retaliated against the invocation of the petitioners [sic] constitutional right by
> useing [sic] advanced technology with a direct signal to the satellite in outer space
> that has the capability of calculateing  [sic] genetic code to cause the petitioners
> Uncle … severe heart pain for long durations exceeding calendar years inwhich
> [sic] was equivalent in intensity to cardiac and respatory [sic] failure leading to a
> heart attack and resulting in the death of the petitioners [sic] uncle Jorge Salas."

(Complaint, Page ID # 8.)  In this same vein, plaintiff alleges this "organized group of executive employees of the federal government" used satellite signals on his grandfather "to profoundly disrupt the personality and senses" of his grandfather "so as to compel him to an act of dures [sic] by calculated procedure to have sexual intercourse with another female person other than his common wife … [,] the mother of all his children…." (*Id.* at Page ID # 22.)  He also alleges this same group of federal employees, in order to disrupt plaintiff's communications with the federal courts, used satellite signals to "torture" a United States Postal Supervisor causing his death due to heart attack.

The undersigned notes that on the fifth page of his complaint, there are five blanks in which the location of the events giving rise to this action is to be written in.  Plaintiff has handwritten "Chattanooga, TN" in each blank.  The undersigned has the impression that this is a "form" complaint that plaintiff has filed in other courts and has simply written in another city based on the location of the court.  None of the conduct allegedly occurring in the complaint appears to have occurred within this court's geographical jurisdiction.  Plaintiff does not allege he is currently incarcerated.

Plaintiff  does not ask for monetary damages.  He asks that the court determine whether his first amendment right to communicate with the courts has been interfered with, and he asks for a federal grand jury investigation to reveal the identity of the members of the organized executive group of federal employees responsible for the death of his uncle and the Postal Supervisor.  He also requests an injunction preventing further governmental interference.

 When examining the complaint under the "plausibility" standard enunciated in *Twombly*, the undersigned finds the allegations of plaintiff's complaint, while they may be very real to the plaintiff, are not plausible.  It is not plausible that an unnamed group of federal executive

employees is "using advanced technology with a direct satellite in outer space that has the capability of calculating genetic code" to send signals to torture people thereby causing their death and to prevent plaintiff from communicating with the federal courts.

For the reasons stated herein, it is RECOMMENDED[1] that this action be DISMISSED without prejudice and the *in forma pauperis* application be DENIED as moot.


S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).